IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE OWEN DUSTIN,

       Plaintiff,                            CV F 05 0612 AWI WMW P

  vs.                                   ORDER GRANTING LEAVE TO
                                            FILE AN AMENDED COMPLAINT

A. K. SCRIBNER, et al.,

       Defendants.

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Kern Valley State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran State Prison. Plaintiff names the following individual defendants: R. Vogel; J. Renter; T. Miranda; McVay; Williams: Sgt. Barns; C/O Henderson; C/O Goodrich; C/O Chavez.

       The complaint in this action consists of a rambling narrative statement of facts, interspersed with legal arguments and assertions. It appears that Plaintiff's claims stem from a cell removal on November 16, 2001, that involved Plaintiff and his cellmate. Plaintiff alleges that Defendants Renter and Vogel, without provocation, opened the food port on Plaintiff's cell

and sprayed Plaintiff and his cellmate with pepper spray.  Plaintiff was then directed to walk to a shower.  Plaintiff alleges that at this point, " knowing full well Plaintiff was covered with pepper spray, Vogel ordered Plaintiff to spread his cheeks in order to disseminate or spray this chemical to all possible parts of his body including to all parts of his groin region."  Plaintiff also alleges that the water used to rinse off the pepper spray was "ice cold."  Plaintiff alleges that he was placed in a strip cell for ten days.  During that time, he was only allowed to wear boxer shorts and was deprived of certain toiletry items.

 The balance of the complaint consists of rambling narrative and generalized allegations.  The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

 As to Defendants Vogel and Renter, Plaintiff states a claim for excessive force.  Regarding the balance of the claims, the court finds the allegations in plaintiff's complaint vague and conclusory.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the remaining claims  must be dismissed.  The court will, however, grant

leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Should Plaintiff fail to file an amended complaint, this court will order service of process of the original complaint upon Defendants Renter and Vogel. The court will recommend that the remaining claims and defendants be dismissed.

1  IT IS SO ORDERED.

2  **Dated:   May 16, 2007**              **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE