IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE OWEN DUSTIN,

      Plaintiff,                                      CV F 05 0612 AWI WMW P

   vs.                                          ORDER DIRECTING PLAINTIFF
                                                     TO SUBMIT USM 285 FORMS

A. K. SCRIBNER, et al.,

      Defendants.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the July 30, 2007, complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at Kern Valley State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran State Prison.   Plaintiff names the following individual defendants: R. Vogel; J. Keener; T. Miranda;m. Martinez;  McVay; Williams: Sgt. Beers; C/O Henderson; C/O Goodrich; C/O Williams; C/O Chavez; CCI Means, A.K. Scribner.

        The first amended complaint was filed in response to an earlier order dismissing the certain of Plaintiff's claims in the original complaint, and granting Plaintiff leave to file an

1

amended complaint. In that order, the Court noted the following. The complaint in this action consisted of a rambling narrative statement of facts, interspersed with legal arguments and assertions.   It appeared that Plaintiff's claims stem from a cell removal on November 16, 2001, that involved Plaintiff and his cellmate.   Plaintiff alleged that Defendants Renter and Vogel, without provocation, opened the food port on Plaintiff's cell and sprayed Plaintiff and his cellmate with pepper spray.   Plaintiff was then directed to walk to a shower.   Plaintiff alleged that at this point, " knowing full well Plaintiff was covered with pepper spray, Vogel ordered Plaintiff to spread his cheeks in order to disseminate or spray this chemical to all possible parts of his body including to all parts of his groin region."   Plaintiff also alleged that the water used to rinse off the pepper spray was "ice cold."   Plaintiff alleged that he was placed in a strip cell for ten days.   During that time, he was only allowed to wear boxer shorts and was deprived of certain toiletry items.

   The balance of the complaint consisted of rambling narrative and generalized allegations.   The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).   The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

   As to Defendants Vogel and Renter, Plaintiff stateed a claim for excessive force. Regarding the balance of the claims, the court found the allegations in plaintiff's complaint vague and conclusory.   The courts determined that the complaint did not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the remaining claims were be dismissed with leave to amend.

In the first amended complaint, Plaintiff states a claim for relief on his excessive force claim against Defendants Vogel, Keener, McVay, Williams, Henderson, Goodrich and Beers. Accordingly, it is HEREBY ORDERED that:

1. Service is appropriate for the following defendants:

    SGT. R. VOGEL

    LT. J. A. KEENER

    C/O McVAY

    C/O WILLIAMS

    C/O HENDERSON

    C/O GOODRICH

    SGT. BEERS

2. The Clerk of the Court shall send plaintiff seven USM-285 forms, seven summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the first amended complaint filed August July 30, 2007.

3. Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

|   |   |   |
|---|---|---|
| 1 | | c.  Eight copies of the endorsed first amended complaint filed July 30, 2007. |
| 2 | 4. | Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs. |
| 6 | 5. | <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>. |

IT IS SO ORDERED.

**Dated:   April 15, 2008**                              **/s/  William M. Wunderlich**
                                                  UNITED STATES MAGISTRATE JUDGE