IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE OWEN DUSTIN,

      Plaintiff,           1: 05 CV 0612 AWI WMW PC

  vs.                         ORDER RE MOTION (DOC 46)

R. VOGEL, et al.,

      Defendants.

      Plaintiff has filed a motion for the appointment of counsel and a motion requesting court permission to correspond with another inmate.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 109 S.Ct. 1814 (1989).

      In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(d). <u>Terrell v. Brewer</u>, 935 F.2d 1015 (9th Cir. 1990); <u>Wood v. Housewright</u>, 900 F.2d 1332 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances.

      Accordingly, plaintiff's request for the appointment of counsel should be denied.

      Plaintiff also seeks authorization to correspond with another inmate. Plaintiff, as the

prosecutor of this action, is responsible for preparing and filing all of the pleadings.  That Plaintiff may desire assistance from another inmate does not absolve him of this responsibility. Plaintiff's opposition to the motion to dismiss is due February 12, 2009.  Plaintiff has heretofore been able to respond to court deadlines.   Plaintiff does not make any persuasive argument as to why he should be granted leave to correspond with another inmate.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for the appointment of counsel is denied.

2.  Plaintiff's motion for leave to correspond with another inmate is denied.

IT IS SO ORDERED.

**Dated:   January 30, 2009**           /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE