IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE OWEN DUSTIN,

    Plaintiff,                                1:05 CV 0612 AWI WMW PC

   vs.                                     ORDER DISMISSING ACTION

R. BEER, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). . Plaintiff has opposed the motion.

       This action proceeds on the July 30, 2007, complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Kern Valley State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran State Prison. Plaintiff names the following individual defendants: R. Vogel; J. Keener; McVay; Sgt. Beers.

       The first amended complaint was filed in response to an earlier order dismissing the certain of Plaintiff's claims in the original complaint, and granting Plaintiff leave to file an amended complaint. Plaintiff's claims stem from a cell removal on November 16, 2001, that

1

involved Plaintiff and his cellmate. Plaintiff allegeS that Defendant Vogel, without provocation, opened the food port on Plaintiff's cell and sprayed Plaintiff and his cellmate with pepper spray. Plaintiff was then directed to walk to a shower. Plaintiff alleged that at this point, " knowing full well Plaintiff was covered with pepper spray, Vogel ordered Plaintiff to spread his cheeks in order to disseminate or spray this chemical to all possible parts of his body including to all parts of his groin region." Plaintiff also alleged that the water used to rinse off the pepper spray was "ice cold." Plaintiff alleged that he was placed in a strip cell for ten days. During that time, he was only allowed to wear boxer shorts and was deprived of certain toiletry items.

Defendants move to dismiss this action as barred by the statute of limitations. Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. Although California's statute of limitations for personal injury actions was extended from one year to two years effective January 1, 2003, the two-year statute of limitations does not apply retroactively to claims that accrued prior to January 1, 2003, and as a result, the one-year statute of limitations applies in this case. Cal. Civ. Proc. Code § 335.1 (West 2007); Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1

1    Here, the allegations of the operative pleading clearly indicate that Plaintiff's cause of
2 action accrued on November 16, 2001.  Plaintiff therefore had until November 16, 2003, to file
3 suit.  This suit was initiated by the filing of a civil complaint on May 6, 2005.   Plaintiff's claims
4 should therefore be barred by the statute of limitations.
5    In his opposition, Plaintiff argued that he did file earlier actions, and makes vague
6 references to earlier challenges of Defendants' conduct.  Plaintiff does not, however, come
7 forward with any argument that the statute of limitations should be tolled in any way.  Plaintiff
8 does not overcome the fact that his claim accrued in November of 2001.  Because he is a
9 prisoner, Plaintiff had until November 16, 2003, to initiate suit.   Plaintiff does not allege any
10 facts which establish that his claims were tolled until May of 2003.  He did not file suit until May
11 6, 2005.  Therefore, all of his claims are barred by the statute of limitations, and this action
12 should therefore be dismissed with prejudice.
13    Accordingly, IT IS HEREBY ORDERED that this action is dismissed, with prejudice, as
14 barred by the statute of limitations.

16 IT IS SO ORDERED.
17 **Dated:   March 25, 2009**              **/s/ Anthony W. Ishii**
                                          CHIEF UNITED STATES DISTRICT JUDGE